# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| M.S, a minor, by M.S., his father and next Friend ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BARRINGTON COMMUNITY UNIT SCHOOL DISTRICT 220, KENNETH HYLLBERG, SARA MAYS, CALLEN MIGACZ, LYDIA BRINKMEIER, NATALIE POLLOCK and HEATHER RIMSTIDT ) <br> ) <br> Defendants. ) | No. 19 C 5118 <br> Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On July 30, 2019, Defendants Barrington Community Unit School District 220, Kenneth Hyllberg, Sara Mays, Callen Migacz, Lydia Brinkmeier, Natalie Pollock, and Heather Rimstidt ("Defendants"), by and through its attorney, Emily Bothfeld, filed a notice of removal from the Circuit Court of Cook County, case number 19 L 5104. (Notice of Removal (Dkt. No. 3).) Presently before us is Plaintiff M.S.'s ("MS") Petition to Remand to the Circuit Court of Cook County. (Pet. to Remand (Dkt. No. 11).) For the reasons stated below, we remand this action to the Circuit Court of Cook County.

## STANDARD OF REVIEW

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(a), defendants desiring to remove a case from state court to federal court must

file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a).

"In considering a motion for remand, the court must examine the plaintiff's complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (citation omitted). The party seeking removal bears the burden of establishing jurisdiction in the federal court. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

A defendant may remove an action to federal court if the court has original subject-matter jurisdiction over the action. 28 U.S.C. § 1441(a). Federal jurisdiction arises under § 1331 when the complaint arises under federal law. 28 U.S.C. § 1331. Federal question jurisdiction is appropriate where it appears from the face of the complaint that the right to relief depends upon the construction or application of a substantial issue of federal law. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363, 2367 (2005) (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 41 S. Ct. 243, 245 (1921)). A substantial federal issue must indicate a serious federal interest in claiming the advantages of a federal forum. *Grable*, 545 U.S. at 313, 125 S. Ct. at 2367 (citing

*Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164, 118 S.Ct. 523, 529 (1997)). Even then, a federal forum is only appropriate where it will not upset the state-federal balance Congress has established. *Id.* at 314, 125 S. Ct. at 2367–68. A complaint purporting to rest on state law . . . can be recharacterized as one 'arising under' federal law if the law governing the complaint is exclusively federal." *Vaden v. Discover Bank*, 556 U.S. 49, 61, 129 S. Ct. 1262, 1273 (2009).

Defendant misstates the application of the IDEA to this case and thus fails to show prove the IDEA provides the requisite federal hook for this case. "The IDEA governs provision of a fair adequate public education ("FAPE"). *Fry v. Napoleon Cmty. Sch.,* --- U.S. ---, 137 S. Ct. 743, 752 (2017).[1] The relief the plaintiff *actually seeks* is central, not "whether the suit 'could have sought' relief available under the IDEA." *Id.* at 755. Thus, contrary to Defendant's assertion that Plaintiff's choice to seek monetary damages through a state tort claim is irrelevant to the existence of a federal question, the Court has explicitly said the IDEA "treats the plaintiff as 'the master of the claim': She identifies its remedial basis." *Id.* In addition, suits that are related to school, but do not claim failure to provide in-kind educational services or a FAPE, do not necessarily fall within the scope of the IDEA. *Id.* at 758. In *Fry*, the Court pointed to whether the claim would *only* concern students with disabilities as one of the hallmarks of an IDEA pleading in disguise. *Id.* at 758.

Plaintiff solely seeks damages under state tort law under a theory that would apply beyond students with disabilities or in-kind educational programming. Plaintiffs are correct this is not a claim that concerns *only* or even *principally* treatment of students with disabilities. (Compl. (Dkt. No. 3-1) ¶¶ 88–91.) Plaintiff points out the complaint would apply to any student

---

[1] We also note that *Fry* <u>explicitly</u> abrogates the only case the Defendants cite that comes close to establishing its argument for federal question jurisdiction. *Fry*, 137 S. Ct. at 744.

who the school willfully and wantonly failed to protect under its anti-bullying policy (Compl. ¶ 90(c), (f), (g).) The question of the duty of care owed will come from the application of state law to the Defendants' anti-bullying policy, not the IDEA, the Rehabilitation Act, the Americans with Disabilities Act, or the Due Process Clause. (Compl. ¶ 88–90; Pl. Resp. to Reply to Mot. to Remand (Dkt. No. 18) at 3.) This is not "artful pleading," but instead a choice to forego a specific claim that narrows the legal question to Defendants' treatment of students with disabilities; this is precisely the kind of "mastery of one's fate" the Court endorsed in *Fry*. (*See* Compl. ¶ 90 (referencing failure to develop general anti-bullying policies, which proximately lead to MS's injury).) Finally, the Complaint seeks no relief "in kind," but instead seeks redress for violations of tort law. (*Id.*) Whether the Plaintiff is ultimately correct that a state tort law action lies here is a question for the state courts, not this Court.

## CONCLUSION

Defendants have not met their burden of establishing federal question jurisdiction. Accordingly, we remand this case forthwith to the Circuit Court of Cook County.

It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 17, 2019
       Chicago, Illinois